UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KIRK ARDELL SJODIN, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 22-CV-0219-CVE-JFJ |
| ) | |
| **STATE OF OKLAHOMA et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's complaint (Dkt. # 1), which has also been docketed as a motion for temporary restraining order (Dkt. # 2). It appears that plaintiff is asking the Court to enjoin an ongoing state court criminal case, and he claims that the State of Oklahoma, police officers, a state court judge, and attorneys representing the state have violated his constitutional rights associated with a criminal trial. Dkt. # 1. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

Plaintiff was charged with a misdemeanor offense of driving a motor vehicle under the influence of drugs, as well as misdemeanor drug and firearm offenses, in Pawnee County District Court. Dkt. # 1, at 13. He claims that he is representing himself in the state court proceedings, and he alleges that the state court proceedings have lasted longer than the possible sentence he would face if convicted. Id. at 2. It is not clear from plaintiff's allegations if he has been detained pending trial or if he has been released, and he appears to be alleging that his constitutional right to a speedy

trial has been violated by the delay of the state court proceedings. Id. at 1-3. He claims that he has been denied the right to counsel and that he has been denied access to a law library.[1] Id. at 3-4. Plaintiff asks this Court to order the state court to resolve his criminal case by setting hearing and trial dates, and he seeks $7.5 million in damages. Id. at 3-4, 9.

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court made clear that federal courts should rarely enjoin an ongoing state criminal prosecution, even if there are concerns about the constitutionality of the state criminal statute forming the basis for prosecution. Federal courts should abstain from exercising jurisdiction over a case involving a criminal proceeding in state court when:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate articulated state policies.

Chapman v. Oklahoma, 472 F.3d 747, 749 (10th Cir. 2006). Once these elements are satisfied, Younger abstention is mandatory and a federal court is required to abstain from the case unless extraordinary circumstances are present. Id. As to the second element, a plaintiff typically "has an adequate opportunity to raise federal claims in state court "unless state law clearly bars the interposition of the [federal statutory] and constitutional claims." Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003). Finally, state criminal

---

[1] As to plaintiff's claim concerning the denial of counsel, the Supreme Court has determined that the right to counsel for a misdemeanor attaches at a "critical stage" of the proceedings, such as a trial or guilty plea. Iowa v. Tovar, 541 U.S. 77 (2004). Plaintiff has attached a copy of the charging document to his complaint, and he has not been charged with a felony offense. Dkt. # 1, at 13. Plaintiff does not allege that he has appeared for a change of plea hearing or a trial and, quite the opposite, he claims that he has been denied the right to a speedy trial. Therefore, plaintiff's allegations would not support a claim that he has been denied the right to counsel under the Sixth Amendment for a misdemeanor offense.

proceedings are treated as "a traditional area of state concern" and an injunction interfering with the enforcement of state criminal laws implicates the federalism concerns at the heart of the Younger decision. Winn v. Cook, 945 F.3d 1253, 1258 (10th Cir. 2019). When the requirements of Younger abstention are established, abstention is mandatory unless the prosecution was "(1) commenced in bad faith or to harass, (2) based on flagrantly and patently unconstitutional statute, or (3) related to any other extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." Id. at 1258-59.

      The Court finds that all three requirement for Younger abstention are satisfied, and the Court must abstain from hearing plaintiff's claims concerning his state court criminal proceedings. Plaintiff makes numerous allegations concerning the denial of his federal constitutional rights in a state court criminal proceeding, and he specifically alleges that he has been denied a trial on the charges against him. This establishes that there is an ongoing state criminal proceeding and the first element of Younger abstention is satisfied. State criminal proceedings are presumed to be an adequate forum for the resolution of federal constitutional claims. Id. at 1258. Plaintiff alleges that his state court criminal proceedings have been delayed, but it is unclear what federal claims plaintiff has actually attempted to raise before the state court. Plaintiff's vague allegations do not specify any particular claims that he has been unable to raise in the state criminal proceedings, and the Court finds that the state court provides an adequate forum for plaintiff to raise constitutional arguments concerning his rights in a criminal prosecution. The law is clear that the enforcement of state criminal laws is an important state interest, and the third element of Younger abstention has also been satisfied. The Court has considered whether any exception to mandatory abstention could apply in this case, and none of possible exceptions applies to this case. Plaintiff has made no argument

that the state criminal statutes under which he has been charged are unconstitutional, and his vague allegations of police misconduct do not suggest that he could assert a colorable claim that the prosecution was brought in bad faith. Dkt. # 1, at 10-11. Although not precisely an issue of subject matter jurisdiction, a dismissal under Younger is akin to a dismissal for lack of subject matter jurisdiction and plaintiff's claims should be dismissed without prejudice. Goings v. Summer Cty. Dist. Attorney's Office, 571 F. App'x 634, 639-40 (10th Cir. July 3, 2014).[2]

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) and motion for temporary restraining order (Dkt. # 2) are **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**DATED** this 2nd day of September, 2022.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] This unpublished opinion is not precedential, but may be cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.